THE PEORIA AND PEKIN TERMINAL RAILWAY

*v.*

MICHAEL SCHANTZ.

*Opinion filed April 18, 1907.*

1. TRIAL—*when refusal to direct a verdict is proper.* If there is evidence tending to show that the step on the side of a coal car was defective and had been so for some time, and there is no evidence that the plaintiff had previously worked with the car or had actual notice of the defect, the question whether he was guilty of contributory negligence in using the step when required to hurriedly descend from the car to avoid being crushed against a coal chute is properly submitted to the jury.

2. INSTRUCTIONS—*when failure of an instruction to state all the law on the subject will not work reversal.* Failure of an instruction, not purporting to direct a verdict, to state all the law upon the subject attempted to be treated will not work reversal, where all that is stated is stated correctly and that which is omitted is supplied by other instructions.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Tazewell county; the Hon. T. N. GREEN, Judge, presiding.

This suit is brought by appellee to recover damages he claims to have sustained December 23, 1903, by reason of a personal injury alleged to have been caused by the negligence of appellant.

The declaration consisted of three counts. The first and second, after setting up the relations between appellant and appellee as employer and employee and describing the nature and character of the duties to be performed by appellee, charged that it was the duty of appellant to provide appellee safe appliances to work with, but, not regarding this duty, it suffered and permitted a step on the side of the car that the appellee was required to use in ascending or descending from the car in the discharge of his duties to become and remain defective and unsafe for use, by means of which

appellee, in descending the car, slipped. The first count charges that while descending the car appellee's foot slipped on account of the defective and unsafe condition of the step, and he was thereby thrown from the car upon the ground and against certain piling. The second count alleges that when he slipped from the step the car was so close to the coal chute under which it was about to pass, that he was required to attempt to jump to the ground in order to avoid being crushed by the timbers supporting the coal chute standing so close to the track, and that in doing this his foot was caught, crushed and mangled. The third count charged appellant with negligence in permitting the piling of timbers supporting the coal chute to be placed so close to the track that a person on the steps or side of the car could not pass through without injury; that it was an unsafe place, by reason thereof, for appellant's employees to work, and that appellee, in endeavoring to alight from the car in order to avoid being crushed by the timbers at the side of the track, was thrown under the car and against the piling at the side of the track and thereby injured.

At the time of the injury appellee and an engineer were in charge of an engine and empty dump car for the purpose of going to one of appellant's mines, two and one-half or three miles from its power house, for the purpose of hauling a load of coal. They were accompanied by another man, but as to whether he belonged to the crew the evidence is uncertain. At the mine appellant had a coal chute above its tracks, supported on upright timbers standing within about eight inches of the side of an ordinary coal car passing through. On reaching the mine it became necessary to back the engine and car past the coal chute for the purpose of coupling on two coal cars standing on the switch. Appellee was injured, as he claims, while in the discharge of his duties in the performance of this work, by falling or jumping from the side of the car, on account, as he alleges, of his foot slipping from a defective step, and that when this

occurred the car was approaching the passageway under the chute and was so close to it that it became necessary for him to leave the side of the car quickly, in order to avoid being crushed between the side of the car and the timbers supporting the coal chute. A trial had by a jury resulted in a verdict and judgment for appellee for $2500, which judgment has been affirmed by the Appellate Court and this further appeal prosecuted by appellant to this court.

JACK, IRWIN, JACK & DANFORTH, and H. C. FRINGS, for appellant.

CHARLES SCHAEFER, and W. B. COONEY, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

It seems plain from the record that the recovery is based upon the failure of appellant to keep the steps on the side of its car in reasonably safe condition for use. It is contended by appellant that appellee was a volunteer in the performance of the work he was engaged in at the time of his injury; that the duties of his position did not require him to perform this work and that he was guilty of contributory negligence.

Appellant having asked the trial court to direct a verdict in its favor at the conclusion of the plaintiff's evidence and again at the conclusion of all the evidence, we are asked to reverse this judgment on the ground that the court erred in denying said motions. This position would be well taken if we were able to say, as a matter of law, that appellee was guilty of negligence that caused or contributed to his injury, and that there is no evidence in the record that fairly tended to prove his case as charged in the declaration. The trial court having found against appellant upon these propositions, and its judgment having been affirmed by the Appellate Court, we can only examine the testimony for the purpose of determining whether there is any evidence in the

record which, with the inferences reasonably to be drawn therefrom, tends to establish the plaintiff's case. If there is such evidence, its weight and sufficiency are not subject to consideration by this court.

That a step on the ladder of the car from which appellee slipped was bent in and defective is not disputed, but it is argued that its condition was so apparent and obvious that appellee, in the exercise of reasonable care, should have seen it; that if he did not observe it he was guilty of negligence, and that if he did see it and attempted to use it notwithstanding its defective condition he assumed the risk of being injured by it. It is also argued that there is no proof to show appellant had any knowledge of the defective condition of the step, or that it had been out of repair for such a length of time that in the exercise of reasonable care it could have known of it. The proof tended to show appellee, as a member of the crew of the engine and car, at the time of his injury was engaged in the line of his duty; that his duties called him upon the car to release brakes as they were approaching where the switch passed under the coal chute; that timbers and supports of the coal chute were placed so close to the switch track that a person could not remain on the side of the car while it passed under said chute. The proof also tended to show that in order to escape injury by the timbers of the coal chute it was necessary for appellee to descend the steps rapidly, as the car was moving toward the coal chute and was only some sixteen or eighteen feet away from it. We find no evidence that appellee had worked with the car on which was the defective ladder before that day, or that he had had any occasion to see or observe it on the day of his injury before attempting to use it. Under these circumstances it cannot be said, as a matter of law, that appellee was guilty of negligence in failing to see the defective condition of the ladder, and as there was no evidence he did see it before he slipped from it he cannot be said to have assumed the risk of injury by

it. There was evidence tending to show the step had been out of repair for some time,—just how long does not appear, but one witness testified he had seen it several times. The sufficiency of this testimony to prove appellant's knowledge of or negligence in not knowing of the defect has been settled by the judgment of the Appellate Court. We do not deem a further discussion of the facts necessary. The evidence justified the court in submitting the case to the jury.

Complaint is made of the third, fourth and fifth instructions given on behalf of appellee. The third instruction told the jury, in substance, that it was the duty of appellant to use due care to provide appellee reasonably safe appliances to work with, and if it failed to perform this duty, and appellee, without knowledge of such failure and without reasonable opportunity to acquire such knowledge, was injured by reason of the neglect of appellant to perform its duty while he was in the exercise of due care, appellant would be liable. The fifth instruction is limited to the first and second counts of the declaration, and states the same proposition as is stated in the third, except nothing is said with reference to appellee's opportunity for knowing the dangerous condition of the step. If this is an omission, it was supplied by the third and fourth instructions given for appellee and the thirteenth given for appellant. While the third and fifth instructions might have been couched in smoother language, they state correct propositions of law. If the fifth fails to state all the law of the subject, what it does state is correctly stated and what it omits is supplied in the other instructions mentioned. This is not reversible error. (*Illinois Central Railroad Co.* v. *Cozby,* 174 Ill. 109; *Wenona Coal Co.* v. *Holmquist,* 152 id. 581; *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *Monaghan,* 140 id. 474; *City of Lanark* v. *Dougherty,* 153 id. 163; *Chicago and Alton Railroad Co.* v. *City of Pontiac,* 169 id. 155; *Catholic Order of Foresters* v. *Fitz,* 181 id. 206.) The fourth instruction seems not subject to criticism in any form.

Fourteen instructions were given on behalf of appellant, and together with those given for appellee fully and completely stated the law applicable to the rights of the parties.

Finding no reversible error in the record the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*